FILED

SEP 2 - 2009

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                     Criminal Action No: 1:09CR61

JAMES RAMAGE,
        Defendant.

## REPORT AND RECOMMENDATION/OPINION

On the 22nd day of July, 2009, Defendant, James Ramage filed a "Petition for Jurisdiction Hearing" [Docket Entry27]. The Petition was referred to the undersigned United States Magistrate Judge by United States District Judge Irene M. Keeley on August 19, 2009 [Docket Entry 31]. The United States has not filed a Response to the petition, and the undersigned shall not require a response. Defendant specifically requests a hearing; however, the undersigned finds the issue is not complex and requires no evidence or testimony. The issue is also legal and not factually-based. The undersigned therefore finds the issue does not require a hearing and DENIES the request for same.

### I. Procedural History

On October 4, 2008, defendant was arrested at his home as a result of a warrantless search which resulted in the discovery of a firearm in his home. As a result, a grand jury attending the United States District Court for the Northern District of West Virginia returned a one-count indictment against defendant on May 5, 2009, charging him with being a felon in possession of a firearm. Subsequent to defendant's May 27, 2009, arraignment, in accord with the initial scheduling order and extensions thereof, defendant, through counsel, filed his motion to suppress all evidence seized as a result of the warrantless search of his residence on October 4, 2008, and the fruits of all such evidence.

On July 13, 2009, the undersigned entered an Opinion/Report and Recommendation [Docket Entry 20] finding that Deputy Gearde had gone to Defendant's residence pursuant to a 911 call reporting a domestic incident. He approached the residence once and spoke to Melissa Ramage,

Defendant's wife. He then left the residence when he saw Defendant had returned to the house. He was informed by another officer that Defendant had a felony record and that he should therefore determine if there were any guns in the house. The undersigned found Deputy Gearde reapproached the house and entered the house without knocking and without permission and again talked to Melissa Ramage, asking: "I need to ask you something. Are there any guns in the residence?" And she said, "Yes." "Where are the guns at? What type of gun is in the residence." She said, "There was a pistol in the back room in a black lock box." I said, "Do you mind if I get it?" She said, "No, I'll get it." I said, "I can't let you do that." She said, "My house is a mess." I said, "Well, will you escort me back there and I'll retrieve it?" She said, "Yeah." The undersigned found that Mrs. Ramage took the deputy sheriff upstairs and pointed out the box under a bed. The deputy sheriff retrieved the box in the presence of Mrs. Ramage, and no evidence of forced opening of the box was presented to the Court. Inside the box, he found a firearm.

There was no dispute that Deputy Gearde did not have a warrant to search Defendant's residence. The undersigned found, however, Deputy Gearde's overriding concern in asking if a gun was present in the house was that he did not want to permit a known convicted felon under investigation for possible domestic violence to re-enter the home where a gun was present.

The undersigned expressly found that Deputy Gearde's second entry across the front door threshold into the Ramage home was in violation, but not a flagrant violation, of Defendant's Fourth Amendment Rights. The undersigned also found, however, that Melissa Ramage gave Deputy Gearde valid consent to search for the firearm. The Court further concluded that she accompanied the officer to the bedroom area of the house and directed him to the lock box wherein the gun and ammunition were stored under her bed. The undersigned finally concluded that the United States carried its burden of proving that the evidence discovered (the scoped gun and ammunition) was acquired "sufficiently

independent of the unlawful invasion to purge any taint arising from the initial entry." United States v. Seidman, *supra* at 549-550. The undersigned recommended Defendant's Motion to Suppress be denied.

Defendant, through counsel, filed his Objection to the Report and Recommendation on July 22, 2009 [Docket Entry 25]. The District Judge has not yet entered an order regarding the motion.

## IV. Discussion

Defendant argues:

1. The initial Investigation, Home Invasion, and arrest of defendant was conducted by the Marion County WV Sheriff Deputies without a warrant and has been held by United States Magistrate Honorable John Kraull [sic] to be in violation of United States Constitutional Amendment 4, by Report and Recommendation on 13 July 2009, see page 13 of Report/opinion.

2. There is an inherent (inseparable) question of jurisdiction compounded by various flagrant constitutional violations, and the appearance of impropriety rests in multi-jurisdiction Investigation and Prosecution of Defendant Ramage, despite evidence of Criminal Police Misconduct.

3. Proof of Jurisdiction is a legitimate Due Process Claim in cases where flagrant violations are conducted by law enforcement officers acting under the color of law, but emerging from distinct jurisdictional authority, one state and the other federal. The Constitutional violations by Marion County Sherriff's [sic] Deputies cannot be purged by a federal indictment and subsequent prosecution alone, when the highest priority for a U.S. Attorney is the protection of the United States Constitution, Respectively.

4. The violations by law enforcement acting under the color of law supersedes any alleged criminal conduct Defendant Ramage [sic] pursuant to the essential undisputed facts of the case.

5. In light of the undisputed unlawful invasion in the Ramage home the question of proper jurisdiction is Relevant since federal oversight is a Public Safety and National Security interest whereby the United States Attorney is charged with upholding the United States Constitution as a priority.

6. See attached pages.[1]

---

[1] The undersigned notes the "attached pages" are identical to a brief entitled "Federal Jurisdiction," contained on the website of the Constitution Society, attributed to one Lowell H.

In fact, the undersigned did not hold that the initial Investigation, Home Invasion and arrest of Defendant were in violation of the Fourth Amendment to the Constitution, albeit finding that the second home entry was in violation of Defendant's Fourth Amendment rights. Further, the undersigned expressly found the violation was not flagrant. Finally, the undersigned expressly held that the violation, consisting only of the officer's entry into the home, but not of the subsequent search, did not supersede the alleged criminal conduct of Defendant in possessing a firearm. Instead, the undersigned found that Mrs. Ramage's voluntary and valid consent to the search "purge[d] any taint arising from the initial entry." Nevertheless, the undersigned will address Defendant's jurisdictional argument.

Defendant's argument and the attached pages relate to territorial jurisdiction over crimes. He argues that the United States did not have territorial jurisdiction and, therefore, his indictment must be dismissed. The indictment at issue charges Defendant with being a felon in possession of a firearm in the Northern District of West Virginia, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). The undersigned finds Defendant's argument is without merit. Title 18, United States Code Section 3231 provides federal court with exclusive jurisdiction over offenses against the laws of the United States, as follows:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

Moreover, Article I, Section 8 of the United States Constitution grants to Congress the power to create, define and punish crimes irrespective of where they are committed. United States v. Mundt, 29 F.3d 233 (6th Cir. 1994). The Supremacy Clause, the Civil War, the decision of the Supreme Court, and acts of Congress make it clear that so long as there is a constitutionally authorized federal nexus, the federal

---

Becraft, Jr., **http://www.constitution.org/juris/fedjur1.txt.** The website explains the organization as having been "founded in response to the growing concern that noncompliance with the Constitution for the United States of America and most state constitutions is creating a crisis of legitimacy that threatens freedom and civil rights."

4

government is free to act anywhere within the United States." United States v. Lampley, 127 F.3d 1231 (10th Cir. 1997).

In the context of the offense of being a felon in possession of a firearm, 18 U.S.C. 922(g) sets forth the federal nexus, in that it makes unlawful the possession by a convicted felon, of a firearm "which has been shipped or transported in interstate or foreign commerce." Further, the Fourth Circuit held:

> It is well-established that the statute, which expressly requires an interstate commerce nexus, is a valid congressional enactment under the Commerce Clause.

United States v. Walker, 149 Fed. Appx. 189 (4th Cir. 2005)(citing United States v. Quarles, 330 F.3d 650 (4th Cir.)[2] cert. denied, 540 U.S. 977, 124 S.Ct. 459, 157 L.Ed2d 331 (2003); United States v. Gallimore, 247 F.3d 134 (4th Cir. 2001); United States v. Nathan, 202 F.3d 230 (4th Cir. 2000).

The undersigned notes that Defendant's Petition is filed pro se. Defendant is represented by counsel and has not been granted pro se status.

A number of jurisdictions outside of the Fourth Circuit have addressed the situation where a Defendant who is represented by counsel attempts to have the Court consider motions filed pro se and which were not adopted by counsel.

In Downs v. Hubbert, 171 Fed. Appx. 640 (9th Cir. 2006) 2254, a case not appropriate for publication, the Court held: "Appellant's pro se motions are denied because appellant is represented by counsel, and only counsel may file motions."

In U.S. v. Christian, 193 Fed. Appx. 800 (10th Cir. 2006) 2255, another case not selected for publication, Christian sought §2255 relief from a sentence due to alleged ineffectiveness of counsel. The Magistrate Judge conducted a hearing and recommended denial of Christian's motion. Christian

---

[2]Pursuant to CTA 4, Rule 36(c), a copy of Walker is attached.

5

filed a pro se request for certificate of appealability and a request to proceed in forma pauperis. His habeas counsel filed a notice of appeal and a request to proceed in forma pauperis. "Because he was represented by counsel, the district court denied Christian's pro se motions."

In Vitatoe v. Jones, 810 F.2d 204 (6th Cir. 1986), the Court found: "[D]efendant does not have a Constitutional right under Tennessee Constitution to both represent himself and be represented by counsel" citing State v. Burkhart, 541 S.W.2d 365 (Tenn. 1976), and State v. Muse, 637 S.W.2d 468 (Tenn Crim. App. 1982); "no error for trial court to refuse to consider pro se motions filed in violation of time requirements and when Defendant was also represented by council."

In U.S. v. Sandles, 2008 WL 275684 (E.D.Mich, 2008), Defendant filed two pro se motions to recuse trial judge and counsel filed a motion to recuse the trial judge. The Court stated: "Since Sandles is represented by counsel, his pro se motions for recusal shall be stricken and this court shall consider only the motion filed by counsel."

In U.S. v. Young, 2009 WL 163045 (E.D.Pa., 2008), Young, represented by counsel since arraignment, filed eight pro se motions, but the Court declined to consider the motions ruling: "A criminal Defendant has a right to counsel. He may alternately proceed pro se, provided that he waives his right to counsel. However, a criminal Defendant has no right to 'hybrid' representation, that is, representation both pro se and by counsel in the same proceeding" (internal citations omitted). Citing a litany of cases, the Court held "because Young was not entitled to 'hybrid' representation both pro se and by counsel, the Court will not consider his pro se motions, except those that have been adopted by his counsel in connection with the motion to withdraw guilty plea." In FN8, the Court held: "Even if the Court were to consider the pro se motions, they would be denied." The court went further by discussing each motion and the reason it would be denied within the footnote.

In United States v. Essig, 10 F.3d 968, 973 (3rd Cir., 1993), the Court held that a court need not

consider pro se motions filed by a Defendant who is represented by counsel.

In United States v. Vampire Nation, 451 F.3d 189, 206 n. 17 (3d Cir. 2006), the Court noted: "We observe that the District Court docket is replete with pro se motions that Banks filed while represented by counsel. We note that the District Court, perhaps in an attempt to retain control of the proceedings in the face of the [defendant's] onslaught of pro se motions, ordered on March 8, 2005, that the Clerk of Court was not to accept any further pro se filings from Banks. The District Court was within its authority to do so."

Following the reasoning of Young, Essig and Vampire Nation, the undersigned has previously stated and again states that, as a general rule, defendants, who were not proceeding pro se will not have the motions they file pro se considered when those motions were not adopted by counsel. If permitted to do so, the Court and the government would be forced to respond in every instance to every motion whether spurious or otherwise.

In this case, Defendant's pro se motion to sever has not been adopted by his counsel,. Therefore, even if the motion had factual or legal merit, which it does not, the undersigned would deny the motion as improvidently filed.

Upon consideration of all which, the undersigned finds Defendant's Petition for Jurisdiction Hearing is without merit and recommends it be **DENIED**.

### V. Recommendation

For the reasons herein stated, the undersigned accordingly recommends defendant's Petition for Jurisdiction Hearing [Docket Entry 27] be **DENIED**.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of

such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Proposed Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed findings and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 2 day of September, 2009.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE