**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                         **Criminal No. 1:09CR61
(Judge Keeley)**

**JAMES RAMAGE,**

      **Defendant.**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 34] AND DENYING DEFENDANT'S
<u>PRO SE PETITION FOR A JURISDICTION HEARING [DKT. NO. 27]</u>**

**I. INTRODUCTION**

On July 22, 2009, the defendant, James Ramage ("Ramage"), filed a <u>pro se</u> "petition for jurisdiction hearing," which requested the Court to hold a hearing to determine whether its jurisdiction over his prosecution was proper. (dkt. no. 27). The Court referred Ramage's petition to Magistrate Judge John S. Kaull on August 19, 2009 (dkt. no. 31). On September 2, 2009, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Ramage's petition for a jurisdictional hearing be denied (dkt. no. 34). On September 15, 2009, Ramage filed objections to the R&R. (dkt. no. 36). Because there is no record of when Ramage received a copy of the R&R, the Court addresses his objections as though they were timely filed.

**UNITED STATES V. RAMAGE**                                          **1:09CR61**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 34] AND DENYING DEFENDANT'S
PRO SE PETITION FOR A JURISDICTION HEARING [DKT. NO. 27]**

For the following reasons, the Court **ADOPTS** the Magistrate Judge's R&R (dkt. no. 34) and **DENIES** Ramage's petition for a jurisdiction hearing. (dkt. no. 27).

**II. Magistrate Judge's Report and Recommendation**

In the R&R, Magistrate Judge Kaull concluded that Ramage's contentions that the United States lacked territorial jurisdiction over his prosecution in the Northern District of West Virginia for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), are wholly without merit.  In reaching this conclusion, he observed that United States district courts have original jurisdiction over all offenses against the laws of the United States and that Article I, Section 8 of the United States Constitution empowers Congress to define and punish validly enacted federal crimes, regardless of where they are committed. United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994) (citing United States v. Worrall, 2 U.S. (2 Dall.) 384, 393 (1798) (Chase, J.)). Magistrate Judge Kaull further found that it is well-settled that Congress has the power to enact statutes requiring an interstate nexus under the Commerce Clause, United States v. Walker, 149 Fed. Appx. 189 (4th Cir. 2005), and that 18 U.S.C. § 922(g) clearly sets forth an interstate nexus as it makes it

2

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 34] AND DENYING DEFENDANT'S
PRO SE PETITION FOR A JURISDICTION HEARING [DKT. NO. 27]**

unlawful for a felon to possess a firearm "which has been shipped or transported in interstate or foreign commerce." Magistrate Judge Kaull therefore found that Congress is constitutionally authorized to enact 18 U.S.C. § 922(g), that the Court has original jurisdiction over the United States' prosecution of Ramage's alleged offense and that a jurisdictional hearing on the matter is not warranted.

He further found that Ramage's petition for a jurisdiction hearing was improvidently filed as Ramage's counsel, Charles T. Berry, had not adopted the motion at the time of its filing. Magistrate Judge Kaull found further that, although the Fourth Circuit had not ruled on the matter, numerous other courts throughout the United States have routinely declined to rule on pro se motions filed by petitioners represented by counsel. See Downs v. Hubert, 171 Fed. Appx. 640 (9th Cir. 2006), United States v. Christian, 193 Fed. Appx. 800 (10th Cir. 2006), United States v. Vampire Nation, 451 F.3d 189, 206 n.17 (3d Cir. 2006), United States v. Essig, 10 F.3d 968, 973 (3d Cir. 1993), United States v. Sandles, 2008 WL 275684 (E.D. Mich. 2008), United States v. Young, 2009 WL 163045 (E.D. Pa. 2008). On this basis, he concluded that it would be proper for the Court to disregard Ramage's pro se

**UNITED STATES V. RAMAGE**                                     **1:09CR61**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 34] AND DENYING DEFENDANT'S
PRO SE PETITION FOR A JURISDICTION HEARING [DKT. NO. 27]**

petition for a jurisdictional hearing because the petition was not filed or adopted by his appointed counsel.

### III. ANALYSIS

The Court disregards Ramage's pro se petition for a jurisdictional hearing because the petition was improvidently filed. At the time Ramage filed the petition, he was represented by counsel, and filed the petition without his attorney's approval or advice.[1] As Magistrate Judge Kaull correctly observed, the Court need not address pro se motions filed by defendants who are represented by counsel. See, e.g., Downs v. Hubert, 171 Fed. Appx. 640 (9th Cir. 2006). On this basis alone, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (dkt. no. 34) and **DENIES** Ramage's petition for a jurisdictional hearing. (dkt no. 27).

Even were the Court to address the merits of Ramage's petition, it is clear that his arguments are wholly lacking in merit. As Magistrate Judge Kaull correctly observed, it is well-settled that criminal laws validly enacted by Congress may be prosecuted without regard to the territorial location of the

---

[1] Ramage continues to be represented by attorney Charles T. Berry.

**UNITED STATES V. RAMAGE**                                       1:09CR61

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 34] AND DENYING DEFENDANT'S
PRO SE PETITION FOR A JURISDICTION HEARING [DKT. NO. 27]**

crime's commission. See United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994) (citing United States v. Worrall, 2 U.S. (2 Dall.) 384, 393 (1798)). Accordingly, a federal criminal statute's validity cannot be challenged on the basis of its geographic reach. Therefore, Ramage's challenges to the Court's territorial jurisdiction over his prosecution fail as a matter of law.

Beyond his territorial challenges, his challenges to the constitutional validity of 18 U.S.C. § 922(g)(1) and 924(a)(2) are also without merit. This is because the U.S. Constitution grants Congress the power to regulate interstate commerce and this power extends to the regulation of firearms that felons possess that are "shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922. See United States v. Presley, 52 F.3d 64, 67-68 (4th Cir. 1995).

Ramage's citation to United States v. Lopez, 514 U.S. 549, 562-63(1995) is unavailing as the statute struck down in Lopez lacked a clear interstate nexus setting forth Congress's recognition of the connection between the regulated activity in the statute and interstate commerce. The current iteration of 18 U.S.C. § 922, however, clearly contains such a nexus. See United States v. Davis, 100 F.3d 950 (4th Cir. 1996). Congress's inclusion of

5

**UNITED STATES V. RAMAGE**                                            1:09CR61

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 34] AND DENYING DEFENDANT'S
PRO SE PETITION FOR A JURISDICTION HEARING [DKT. NO. 27]**

such a jurisdictional nexus in 18 U.S.C. § 922 allows the statute to survive Ramage's challenges to Congress's power to enact it under the Commerce Clause. See United States v. Cobb, 144 F.3d 319, 321 (4th Cir. 1998). The Court thus finds that, even if it were to consider Ramage's pro se petition for a jurisdiction hearing, the substance of his constitutional and jurisdictional challenges are without merit.

## IV. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation that it disregard Ramage's pro se petition as being improvidently filed (dkt. no. 34) and **DENIES** Ramage's petition for a jurisdiction hearing (dkt no. 27).

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and all appropriate agencies. The Clerk is further directed to send a copy of this order to defendant James Ramage at his home address via regular mail and certified mail, return receipt requested.

DATED: November 25, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE